IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 27, 2022

**STATE OF TENNESSEE v. JOVAN CRAWFORD**

**Appeal from the Criminal Court for Morgan County**
**No. 2019-CR-62     Jeffery Hill Wicks, Judge**
_____

**No. E2021-01351-CCA-R3-CD**
_____

Following a bench trial, the defendant, Jovan Crawford, was convicted of aggravated assault, and the trial court imposed a sentence of eight years' incarceration to be served consecutively to the defendant's prior sentences in Shelby County Case Nos. 1308038 and 1501666. On appeal, the defendant contends that his sentence is excessive and that the trial court erred in imposing consecutive sentences. After reviewing the record and considering the applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR. and TIMOTHY L. EASTER, JJ., joined.

Walter Johnson, Lenoir City, Tennessee, for the appellant, Jovan Crawford.

Herbert H. Slatery III, Attorney General and Reporter; Kayleigh Butterfield, Assistant Attorney General; Russell Johnson, District Attorney General; and Jonathan Edwards, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural History*

This case arises from a September 2019 incident at the Morgan County Correctional Complex, during which the defendant attacked Joe Eads, a corrections officer. The defendant subsequently waived his right to a trial by jury, and a bench trial occurred on June 10, 2021.

The testimony at trial established that on September 12, 2019, Officer Eads was assigned to the staff kitchen and dining room. Inmates routinely attempted to "cut through" the staff dining room in order to evade the metal detectors, and during his shift, Officer Eads witnessed the defendant attempting to "cut through" the dining room. Although Officer Eads told the defendant multiple times that he was required to go through the metal detector, the defendant refused to leave the dining room and "got a little more aggressive in [his] language." Officer Eads then requested assistance from his superiors to handle the situation. Although Officer Eads could not remember what happened next, security cameras captured footage of the defendant pushing and punching Officer Eads, causing him to fall to the ground.

Madisen Proveaux, a registered nurse at the Morgan County Correctional Complex on the date of the incident, responded to a call for an officer needing medical attention in the staff dining room. She observed Officer Eads on his back with "a small pool of blood around his head." Although Officer Eads was unresponsive when Ms. Proveaux first arrived, she testified that he made "groan[ing]" or "gurgling" noises as he was being placed on a stretcher.

Lieutenant Richard Gardner, an Administrative Lieutenant at the Morgan County Correctional Complex, also responded to the staff dining room. When Lieutenant Gardner arrived, Officer Eads was lying on the floor with his eyes open but was not talking or moving. Lieutenant Gardner spent two to three minutes trying to get Officer Eads to talk to him while medical staff attended to his needs; however, Officer Eads was not responsive.

Officer Eads testified that, after requesting assistance from his superiors, the next thing he remembered was waking up in the ICU at the hospital two days after the attack. He was in excruciating pain, which he described as "seven to eight out of a ranking of ten." His leg was fractured, and the corner of his mouth had to be sewn shut. Following the incident, Officer Eads suffered from frequent headaches, some of which were so bad that he was unable to keep his eyes open. He testified at trial that the headaches continue to occur as frequently as "from every other day to four days a week." Consequently, Officer Eads was still under the care of both a neurologist and neuropsychiatrist and had been unable to return to work at the time of trial.

At the conclusion of the proof, the trial court found the defendant guilty of aggravated assault and subsequently imposed a sentence of eight years' incarceration to be served consecutively to the defendant's prior sentences in Shelby County Case Nos. 1308038 and 1501666. This timely appeal followed.

***Analysis***

On appeal, the defendant challenges the trial court's decisions regarding the length and manner of service of his sentence. He contends the trial court erred in failing to consider all relevant mitigation factors. He further asserts the trial court erred in imposing consecutive sentences. The State submits the trial court properly determined the length of the defendant's sentence and imposed consecutive sentences. We agree with the State.

In determining an appropriate sentence, a trial court must consider the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on mitigating and enhancement factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement the defendant makes on his own behalf as to sentencing; and (8) the potential for rehabilitation. Tenn. Code Ann. §§ 40-35-103(5), -113, -114, -210(b). In addition, "[t]he sentence imposed should be the least severe measure necessary to achieve the purposes for which the sentence is imposed." *Id.* § 40-35-103(4).

Pursuant to the 2005 amendments, the Sentencing Act abandoned the statutory presumptive minimum sentence and rendered enhancement factors advisory only. *See* Tenn. Code Ann. §§ 40-35-114, -210(c). Although the application of the factors is advisory, a court shall consider "[e]vidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114." *Id.* § 40-35-210(b)(5). The trial court must also place on the record "what enhancement or mitigating factors were considered, if any, as well as the reasons for the sentence, in order to ensure fair and consistent sentencing." *Id.* § 40-35-210(e).

When an accused challenges the length and manner of service of a sentence, this Court reviews the trial court's sentencing determination under an abuse of discretion standard accompanied by a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). If a trial court misapplies an enhancing or mitigating factor in passing sentence, said error will not remove the presumption of reasonableness from its sentencing determination. *Bise*, 380 S.W.3d at 709. This Court will uphold the trial court's sentencing decision "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Id.* at 709-10. Moreover, under such circumstances, appellate courts may not disturb the sentence even if we had preferred a different result. *See State v. Carter*, 254 S.W.3d 335, 346 (Tenn. 2008). The party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.; *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

## I.    Excessive Sentence

The defendant contends the trial court erred in imposing an eight-year sentence.  The defendant does not dispute his classification as a Range II offender or claim the trial court misapplied any enhancement factors in reaching its decision.  Instead, he argues the trial court "failed to properly find and consider all the relevant mitigating factors."  The State contends the trial court properly determined the length of the defendant's sentence based on the application of the enhancement and mitigating factors.

Here, the trial court applied enhancement factors (1) the defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range; (11) the felony resulted in death or serious bodily injury, or involved the threat of death or serious bodily injury, to another person, and the defendant has previously been convicted of a felony that resulted in death or serious bodily injury; (13) at the time the felony was committed the defendant was incarcerated in a penal institution on a misdemeanor or felony charge or a misdemeanor or a felony conviction; and (19) the defendant is convicted of the offense of aggravated assault and the victim was a correctional officer, and the defendant knew or should have known that the victim was such an officer or employee.  Tenn. Code Ann. § 40-35-114(1), (11), (13), (19).  The trial court also applied mitigating factor (8), the defendant was suffering from a mental or physical condition that significantly reduced the defendant's culpability for the offense.  Tenn. Code Ann. § 40-35-113(8).  The trial court noted the defendant did not put on any proof that he had received a diagnosis of a mental or physical condition but stated the court "did consider [the factor]."

The defendant asserts that, in addition to factor (8), the trial court should have applied the catchall mitigating factor (13) and asserts several facts which he claims supports its application.  Tenn. Code Ann. § 40-35-113(13).  Specifically, he contends: (1) he took responsibility for his actions and expressed remorse; (2) he "[pled] not guilty at the trial but not as to assault;" (3) he apologized to the victim at the sentencing hearing; (4) he has a supportive family; and (5) he "is also being punished by TDOC for this same incident" and has been held in maximum security since the assault.

Although an "expression of remorse may be a solid basis for a successful rehabilitation, there is no requirement that [remorse automatically be] included among the mitigating factors set out in the catchall provision of Tenn. Code Ann. § 40-35-113(13)." *State v. Barry Waters Rogers*, No. M1999-01358-CCA-R3-CD, 2000 WL 1336488, at *6 (Tenn. Crim. App. Sept. 15, 2000), *perm. app. dismissed* (Tenn. 2001), *appeal denied,* (Tenn. 2001).  Moreover, "the mere speaking of remorseful words . . . will not earn the accused a sentence reduction."  *State v. Patricia Spencer*, No. W1999-00030-CCA-R3-

CD, 2000 WL 279696, at *4 (Tenn. Crim. App. Mar. 6, 2000) (citation omitted) (quoting *State v. Williamson*, 919 S.W.2d 69, 83 (Tenn. Crim. App. 1995)). The only proof in the record of the defendant's remorse were his self-serving statements.

Regarding the defendant's remaining points, the trial court specifically considered the "evidence and information offered by the parties on the mitigating and enhancement factors" and found "the only one that would possibly be applicable would be number eight." Additionally, our supreme court has explained that a trial court's "misapplication of an enhancement or mitigating factor does not invalidate the sentence imposed . . . . So long as there are other reasons consistent with the purposes and principles of sentencing, as provided by statute, a sentence imposed by the trial court within the appropriate range should be upheld." *Bise*, 380 S.W.3d at 706. Our review of the record indicates the trial court imposed a sentence within the applicable range after properly considering the evidence adduced at trial and the sentencing hearing, the presentence report, the principles of sentencing, the parties' arguments, the nature and characteristics of the crime, the potential for rehabilitation, and the evidence of enhancement and mitigating factors. Tenn. Code Ann. §§ 40-35-103(5), -114, -210(b). The defendant is not entitled to relief on this issue.

## II. Consecutive Sentencing

The defendant also claims the trial court erred in imposing consecutive sentences. Specifically, the defendant contends that, because he is already serving "a lengthy sentence with a release date of 2027 at the earliest," imposing consecutive sentences was excessive. The State contends the defendant has waived this issue for failing to provide any authority or reasoning. Alternatively, the State contends the trial court properly imposed consecutive sentences.

In *State v. Pollard*, 432 S.W.3d 851 (Tenn. 2013), the Tennessee Supreme Court expanded its holding in *Bise* to also apply to decisions by trial courts regarding consecutive sentencing. *Id.* at 859. This Court must give "deference to the trial court's exercise of its discretionary authority to impose consecutive sentences if it has provided reasons on the record establishing at least one of the seven grounds listed in Tennessee Code Annotated section 40-35-115(b)." *Id.* at 861. "Any one of [the] grounds [listed in section 40-35-115(b)] is a sufficient basis for the imposition of consecutive sentences." *Id*. at 862 (citing *State v. Dickson*, 413 S.W.3d 735 (Tenn. 2013)).

In imposing consecutive sentences, the trial court articulated its reasons, as follows:

> And so, the [c]ourt is going to sentence the defendant to a term of eight years in the Tennessee Department of Correction as a range two

offender, and that sentence will be served consecutive to his current sentence, and that will be pursuant to 40-35-115, and Rule 32 of the Tennessee Rules of Criminal Procedure where the defendant was actually serving a sentence not yet fully completed and committed a crime during that time.

And one thing the [c]ourt will note is that it's – it's kind of troublesome to the [c]ourt that you can be out on parole, or on bail, for a charge and commit a crime and it's [an] automatic mandatory consecutive sentence. But if you commit a crime while actually serving a sentence it is not. It is discretionary. And under these circumstances, due to the violent nature of the assault and that Officer Eads is sitting in the courtroom here today, and after two years after this, he's still unable to go back to work due to the injuries that he suffered at the hands of [the defendant].

As an initial matter, we will address the State's contention that the defendant waived this issue for failing to cite authority in his brief. The defendant's argument regarding this issue consists of two conclusory statements. He states generally that the trial court's imposition of consecutive sentences was "error" and "excessive." However, neither of these statements is supported by authority. "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." Tenn. Ct. Crim. App. R. 10(b). Failure to comply with this basic rule will ordinarily constitute a waiver of the issue. *Id.*

Waiver notwithstanding, while the trial court cited generally to Tennessee Code Annotated § 40-35-115 and Tennessee Rule of Criminal Procedure 32 and acknowledged the violent nature of the crime, the trial court did not note which portion of § 40-35-115 it was relying on in support of consecutive sentences. While Tennessee Rule of Criminal Procedure 32(c)(2)(A)(i), allows for consecutive sentences when a defendant has unserved Tennessee sentences, the Rule requires the trial court should consider the statutory criteria set forth in Tennessee Code Annotated section 40-35-115. *State v. Wilkerson*, No. 03C01-9708-CR-00336, 1998 WL 379980, at *5 (Tenn. Crim. App. July 9, 1998). However, as noted above, the trial court's ruling does not reference a specific section of § 40-35-115. Despite the trial's oversight, this Court may review the defendant's sentence de novo. *State v. Pollard*, 432 S.W.3d 851, 864 (Tenn. 2013).

Here, the record overwhelmingly supports the imposition of consecutive terms. At the time of sentencing, the defendant's criminal history consisted of three felonies and two misdemeanors. Of those three felonies two were for aggravated assault and one was for attempted second-degree murder, both of which are crimes of violence. *See* Tenn. Code Ann. § 39-17-1301(3). Moreover, as noted by the trial court, the defendant's actions in the instant matter were also violent, unprovoked, and directed at a correctional officer.

Accordingly, we conclude the defendant's extensive criminal history, as well as the facts and circumstances of the instant offense, justify the imposition of consecutive terms. The defendant is not entitled to relief on this issue.

### *Conclusion*

For the aforementioned reasons, the judgment of the trial court is affirmed.


_____
J. ROSS DYER, JUDGE